UNITED STATES DISTRICT COURT
EASTERN DISTRICT NEW YORK
------------------------------------------------------------X  Index No.:
SAUL GONZALEZ, and other similarly current
and former Tandoori Cooks and Dish Washers,

                    Plaintiffs,           **COMPLAINT**

    -against-

SAIRAM FOOD CORP d/b/a PISTA HOUSE, SILU DOE,
and SRIMANNARAYANA GINJUPALLI,

                    Defendant.
------------------------------------------------------------X

      SAUL GONZALEZ ("SAUL") ("hereinafter Plaintiffs") by and through their attorneys, THE TODD MUHLSTOCK FIRM, as and for their Complaint against SAIRAM FOOD CORP (hereinafter "Corporate Defendant"), SILU DOE ("SILU"), and SRIMANNARAYANA GINJUPALLI ("SRIMANNARAYANA") (hereinafter "Individual Defendants"), alleges the following upon information and belief:

## NATURE OF THE ACTION

    1.    This action arises out of the Defendants' failure to pay Plaintiffs and all similarly current and former Tandoori Cooks and Dish Washer employees the following: (i) All hours worked (ii) Overtime calculated at one and one half the minimum wage rate for all hours worked in excess of forty hours per work week; (iii) spread of hours pay for the days in which Plaintiffs worked in excess of ten hours; (iv) wage notices; (v) wage statement that conform with the requirements of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and applicable regulations.

    2.    Plaintiff brings this action on behalf of all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations

of the wage-and hour provisions of the FLSA that occurred at the Corporate Defendant due to the actions of the Corporate Defendant and Individual Defendants.

3. Defendants upon information and belief, also had day to day decision making with the hiring, firing, and supervising of Plaintiff and similarly current or former employees.

4. Plaintiff worked for Defendant as a Tandoori Cook and Dish Washer. Plaintiff was not paid for all hours worked, hours in excess of forty hours in a work week, spread of hours for having worked more than (10) hours a day, failed to issue Plaintiff a wage statement and notice.

5. Defendant's unlawful practices, in violation of the New York Labor Law ("NYLL") and applicable regulations include the failure to pay Plaintiffs a minimum wage, wages due for overtime hours worked at not less than one and one-half (1-1/2) times the hourly rate for all hours worked in excess of forty (40) hours in a workweek. Said regulations include Defendant's failure to pay Plaintiffs for hours worked in excess of ten (10) per day in spread of hours pay, failing to provide wage statements and wage notices.

6. Plaintiffs seeks compensatory damages, attorneys' fees, and other appropriate relief under the NYLL.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

8. This court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## THE PARTIES

10. Plaintiff SAUL GONZALEZ is an individual residing in Nassau County, New York.

11. Upon information and belief, Defendant SAIRAM FOOD CORP ("Corporate Defendant"), was and still is an employer and registered as a domestic business corporation organized and existing under the laws of the State of New York. SAIRAM FOOD CORP is located at 104 New South Road, Hicksville, New York 11801 and manages the payroll of all employees.

12. Defendant SRIMANNARAYANA GINJUPALLI is a supervisor, manager and is otherwise in charge of members of the FLSA collective, and otherwise resides at 104 New South Road, Hicksville, New York 11801.

13. Defendant SILU DOE is a supervisor, manager and is otherwise in charge of members of the FLSA collective, and otherwise resides at 104 New South Road, Hicksville, New York 11801.

14. At all times relevant to this action, SAIRAM FOOD CORP was owned, managed, supervised or otherwise controlled by SILU DOE, SRIMANNARAYANA GINJUPALLI, and was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

15. Defendant SILU DOE and SRIMANNARAYANA GINJUPALLI are persons engaged in business in Nassau County, and are being sued individually in their capacity as an owner, officer, and agent of SAIRAM FOOD CORP.

16. Defendant SILU DOE and SRIMANNARAYANA GINJUPALLI managed all affairs of the building located at 104 New South Road, Hicksville, New York 11801.This included hiring, firing, setting hours, disciplining employees, paying employees, setting up payroll policy and engaging in all aspects of the building located at 104 New South Road, Hicksville, New York

11801. Individual Defendants exercised sufficient control over this corporate entity to be considered Plaintiff's employer under the FLSA and the NYLL.

17. Plaintiff is engaged with the practice of washing dishes and cooking for Defendant SAIRAM FOOD CORP.

18. Defendant hired Plaintiff initially as a Dish Washer on or about October 2021, soon worked as both a Dish Washer and Tandoori Cook on or about March 2022 and effectively ended his work with Defendant Sairam Food Corp on or about mid-November of 2022 due to the business undergoing a fire incident. .

19. At all times relevant to this action, Plaintiff is an "employee" covered by the NYLL, and Defendant is an "employer" of Plaintiffs as those terms are defined by New York Labor Law §§ 651 (5) and (6) and applicable regulations, 12 N.Y.C.R.R. § 142-2.14.

## COLLECTIVE ACTION ALLEGATIONS

20. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of Plaintiff and other similarly situated persons who are current or former employees of Defendants since the date five years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective")

21. The FLSA Collective consists of numerous similarly situated current and former employees at SAIRAM FOOD CORP who worked at 104 New South Road, Hicksville, New York 11801, who have been victims of Defendant's common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them overtime wages and the payment of statutory minimum wage.

22. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy and/or policy includes, inter alia, the following:

(a) Failing to pay employees the applicable minimum wage for all time worked during the week;

(b) Failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

(c) Failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

23. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendant's unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

24. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

25. The position of cook and dishwasher is not exempt and has never been exempt. Employees are not paid overtime for all hours worked in excess of forty (40) hours per week and not paid the applicable minimum wage.

26. The FLSA and NYLL require that employers pay all employees at least on and one half (1.5) times the employee's wage for all hours worked in excess of forty (40) hours during any workweek, unless they are exempt from coverage.

27. The NYLL requires spread of hours pay (one—hour minimum wage payment) for each shift of ten (10) hours or more Plaintiff worked.

28. The NYLL prohibits unlawful deductions from the paychecks of employees.

29. The NYLL requires manual laborers to be paid weekly.

30. The FLSA and NYLL prohibit retaliation for exercising rights under the applicable statutes.

31. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

32. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

33. Defendants paid Plaintiff and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hours, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

34. Defendants have a practice of not paying spread of hours pay for work in excess of ten (10) hours per shift.

35. Defendants have a practice of not paying workers weekly despite the NYLL requiring this to be done.

36. Defendants are aware that the above practices are illegal and, despite knowledge of the illegality of the practices, continue to fail to abide by State and Federal labor laws. This is intentional, willful and done with gross disregard.

## STATEMENT OF FACTS.

37. Defendant hired Plaintiff as a dish washer on or about October 2021 and on or about March 2022, promoted assigned Plaintiff to both Tandoori Cook and Dish Washer. Plaintiff's duties subsequently ended on or about mid-November of 2022 due to a fire. Plaintiff's duties included washing dishes and prepping/cooking for Defendant.

38. Plaintiff Saul Gonzalez was initially paid around early October of 2021, $300.00 per week worked. Plaintiff was then increased to $350.00 per week on or about January 2022, increased to $400.00 per work week on or about February, increased to $650.00 per week on or about June 2022, and increased to $700.00 per week on or about June 2022.

39. Since Plaintiff worked an average of 85 hours per work week, this entitled Plaintiff to wages in excess of (40) hours in the form of overtime wages and spread of hours pay. This means that Defendant was paying Plaintiff far below the minimum wage and paid no overtime wage to Plaintiff at the time of his employment in addition to the spread of hours pay. This means that Defendant failed to pay Plaintiff a minimum wage, spread of hours pay, and overtime wages.

40. Additionally Defendant failed to provide Plaintiff with proper wage notices, wage statements, and never provided Plaintiff with a W2.

41. Defendant failed to pay Plaintiff a minimum wage, spread of hours pay, and overtime wages and would pay Plaintiffs sums that were not reflective of the time Plaintiffs worked.

42. Plaintiff is entitled to be paid a minimum wage for all hours worked, spread of hours pay, and overtime at one and one-half times the minimum wage for each hour in excess of forty (40) hours that Plaintiff worked in any workweek pursuant to NYLL and its implementing regulations. Defendant has failed to pay Plaintiff appropriately for the aforementioned wages.

43. Defendant failed to provide Plaintiffs with proper wage statements required by NYLL.

44. Defendant failed to provide Plaintiffs with the notices required by NYLL § 195(1).

45. At all relevant times, Defendant failed to post and/or keep posted "a notice issued by the Department of Labor summarizing minimum wage provisions," in violation of 12 N.Y.C.R.R. §142-2.8.

46. Defendant's record keeping and notice violations prevented Plaintiff from knowing their legal rights and from figuring out exactly how many hours they were not compensated for and in doing so, unjustly exploited Plaintiff's labor.

### FIRST CAUSE OF ACTION (Brought on behalf of Plaintiff and the FLSA Collective Plaintiffs)
### (Fair Labor Standards Act-Overtime Wages and Minimum Wage)

47. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

48. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective Plaintiffs.

49. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the FLSA Collective Plaintiffs.

50. Plaintiffs and the FLSA Collective Plaintiffs worked in excess of forty (40) hours during some workweeks in the relevant period.

51. Plaintiffs and the FLSA Collective Plaintiffs were not paid minimum wage during some workweeks in the relevant period.

52. Defendants willfully failed to pay Plaintiffs and the FLSA Collective Plaintiffs the appropriate minimum wage and overtime premiums for all hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations.

53. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Plaintiffs.

54. Because Defendants' violations of the FLSA have been willful, a three year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

55. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, minimum wage payments in an amount to be determined at trial and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

56. Since the non-payment of overtime was willful, intentional, deliberate, recurring and malicious, Plaintiffs are entitled to punitive damages.

### AS AND FOR A SECOND CAUSE OF ACTION BY PLAINTIFFS INDIVIDUALLY AGAINST ALL DEFENDANTS
### New York Labor Law-Unpaid Overtime
### (Brought on behalf of Plaintiff)

57. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

58. Defendants failed to pay Plaintiffs the proper overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

59. Defendants failed to pay Plaintiffs one and one-half times the full minimum wage or stated wage for all work in excess of forty (40) hours per workweek.

60. Through their knowing or intentional failure to pay Plaintiffs overtime wages for hours works worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

61. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

62. Since the non-payment of overtime was willful, intentional, deliberate, recurring and malicious, Plaintiffs are entitled to punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION BY PLAINTIFFS INDIVIDUALLY AGAINST ALL DEFENDANTS
### New York Labor Law-Unpaid Minimum Wage
### (Brought on behalf of Plaintiff)

63. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

64. Defendants failed to pay Plaintiffs the proper minimum wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

65. Defendants failed to pay Plaintiffs the full minimum wage for work that was performed during various weeks.

66. Through their knowing or intentional failure to pay Plaintiffs minimum wages for hours worked, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

67. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid minimum wage, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

68. Since the non-payment of overtime was willful, intentional, deliberate, recurring and malicious, Plaintiffs are entitled to punitive damages.

**AS AND FOR A FOURTH CAUSE OF ACTION BY PLAINTIFFS INDIVIDUALLY AGAINST ALL DEFENDANTS**
**New York Labor Law – Failure to Provide Annual Wage Notices**
**(Brought on behalf of Plaintiff)**

69. Plaintiffs re-allege and incorporate by reference all allegations in all the preceding paragraphs.

70. Defendants have willfully failed to supply Plaintiffs with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in his primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate

or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

71. Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations.

72. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workweek before December 29, 2014 and fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

**AS AND FOR A FIFTH CAUSE OF ACTION BY PLAINTIFFS INDIVIDUALLY AGAINST ALL DEFENDANTS**
New York Labor Law-Failure to Provide Wage Statements
(Brought on behalf of Plaintiff)

73. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

74. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if

applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

75. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

76. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

### AS AND FOR A SIXTH CAUSE OF ACTION BY PLAINTIFFS INDIVIDUALLY AGAINST ALL DEFENDANTS
### Failure to pay Spread of Hours Pay
### (Against all Defendants)

77. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

78. The applicable wage regulation (22 NYCRR § 142-2.4) states as follows: "An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours."

79. Defendants have willfully failed to pay Plaintiff one hour's pay at the basic minimum hourly wage rate for each day that Plaintiff worked in excess of 10 hours per day

80. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants. jointly and severally, as follows:

a) First Cause of Action: Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b) First Cause of Action: Damages for the unpaid overtime wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of this action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of this action;

c) First Cause of Action: Damages for the unpaid minimum wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of this action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of this action;

d) Second Cause of Action: Damages for the unpaid overtime wages due to Plaintiff, in an amount to be determined at the trial of this action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of this action;

e) Third Cause of Action: Damages for the unpaid minimum wages due to Plaintiff, in an amount to be determined at the trial of this action, liquidated damages as provided by the

NYLL, interest, attorneys' fees, and the cost of this action;

f) Fourth Cause of Action: Penalties of fifty dollars for each workweek before December 29, 2014 and fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

g) Fifth Cause of Action: Penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

h) Sixth Cause of action: Awarding damages as a result of Defendant's failure to pay spread or hour pay pursuant to 12 NYCRR § 142-2.4;

i) Punitive Damages.

j) For prejudgment interest on the foregoing amounts;

k) For the costs and disbursements of this action, including attorneys' fees; and

l) For such other further and different relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Melville, New York
February 17, 2023

                                                 Yours,

                                                 /s/ Jason Tenenbaum
                                                 _____
                                                 The Muhlstock Law Firm

Attorneys for Plaintiff
Jason Tenenbaum, Esq
35 Pinelawn Rd, Suite 105E
Melville, New York 11747

UNITED STATES DISTRICT COURT
EASTERN DISTRICT NEW YORK                    Index No:

_____X
SAUL GONZALEZ, and other similarly current
and former Tandoori Cooks and Dish Washers,

                        Plaintiff,        ATTORNEY VERIFICTION

   -against-

SAIRAM FOOD CORP d/b/a PISTA HOUSE, SILU DOE,
and SRIMANNARAYANA GINJUPALLI,

                        Defendants,
_____X

    The undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, affirms as follows under penalty of perjury:

    Affirmant is a member of The Law Office of Jason Tenenbaum, P.C., and the attorney of record for SAUL GONZALEZ.

    Affirmant has read the annexed Summons and Complaint and knows the content thereof; and the same is true to the best of the Affirmant's knowledge, except as to those matters therein stated to be alleged upon information and belief; and as to those matters, Affirmant believes them to be true.

Dated:    Melville, New York
           2/17/2023

                                                                    */s/ Jason Tenenbaum*

                                                                    Jason Tenenbaum, Esq.